IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

Bobby Seak and Sokratana Kem Seak,   Case No.: 3:13-bk-05446-PMG

      Debtors.   Chapter 13
_____/

Bobby Seak,   Adv. Pro. No. 3:14-ap-00330-PMG

      Plaintiff,

vs.

Antio, LLC and Weinstein & Riley, P.S.,

      Defendants.
_____/

## DEFENDANTS' NOTICE OF FILING MOTION FOR RULE 9011 SANCTIONS AND INCORPORATED MEMORANDUM OF LAW

Defendants Antio, LLC and Weinstein & Riley, P.S. hereby give notice of filing the attached Motion for Rule 9011 Sanctions and Incorporated Memorandum of Law, which was previously served but not filed on March 30, 2015, as indicated in the Certificate of Service thereon.

Dated: May 8, 2015.

                                  GRAYROBINSON, P.A.
                                  *Counsel for Defendants*
                                  401 East Las Olas Boulevard, 10th Floor
                                  Fort Lauderdale, Florida 33301
                                  Telephone: (954) 761-8111
                                  Facsimile: (954) 761-8112

                                  By:   */s/ Paul H. Minoff*
                                          Paul H. Minoff
                                          Florida Bar No. 0182079
                                          paul.minoff@gray-robinson.com
                                          Michael D. Lessne
                                          Florida Bar No. 73881
                                          michael.lessne@gray-robinson.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Ryan G. Moore, Esq.
Wendell Finner, P.A.
340 3rd Avenue S., Suite A
Jacksonville Beach, FL  32250
E-mail: flabarmail@wendellfinner.com
E-mail: ryan@beacheslaw.com
*Counsel for Debtor*

/s/ *Paul H. Minoff*
Paul H. Minoff

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

Bobby Seak and Sokratana Kem Seak,

    Debtors.
_____/

Bobby Seak,

    Plaintiff,

vs.

Antio, LLC and Weinstein & Riley, P.S.,

    Defendants.
_____/

Case No.: 3:13-bk-05446-PMG

Chapter 13

Adv. Pro. No. 3:14-ap-00330-PMG

**DEFENDANTS' MOTION FOR RULE 9011 SANCTIONS
AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure and Section 105(a) of the Bankruptcy Code, Defendants Antio, LLC ("Antio") and Weinstein & Riley, P.S. ("W&R," and with Antio, "Defendants"), submit this motion and incorporated memorandum of law for sanctions against Plaintiff Bobby Seak ("Debtor" or Seak") and his counsel Ryan G. Moore, Esq. for filing and maintaining Debtor's Amended Complaint for Damages (Adv. Docket No. 12)[1] (the "Amended Complaint") without a reasonable pre-filing inquiry and without an adequate legal and factual basis. Because the Amended Complaint is frivolous, sanctions under Rule 9011 and Section 105(a) are warranted.

---

[1] References to the Adversary Action's Docket will hereafter be "Adv. Docket No." References to the underlying Bankruptcy Action Docket will hereafter be "Docket No."

**PRELIMINARY STATEMENT**

Plaintiff contends that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (the "FDCPA"), by filing a proof of claim in Seak's bankruptcy case (the "Claim"), which, according to Seak, was on a time-barred debt. After Antio withdrew the Claim, the Court granted Defendants' motion to dismiss the counts in the Amended Complaint pertaining to Seak's objection to the Claim and his request that it be equitably subordinated. The remaining issues in this proceeding are Seak's frivolous allegations that Defendants violated sections 1692d, 1692e, 1692e(2)(a), 1692f and 1692g of the FDCPA by filing a claim for an allegedly time-barred debt, by failing to give him notice of the assignment of the underlying debt from the original creditor, Citibank (South Dakota), N.A. ("Citibank") to Antio, and by failing to give Seak an opportunity to request validation of the debt.

These claims are utterly without support in either the relevant statutes or the case law. First, the contract between Seak and Citibank is governed by South Dakota law. Because South Dakota applies a six year statute of limitations to contract claims like this one, the Claim, which was filed within six years, was not barred by the statute of limitations, and Defendants thus did not violate sections 1692d, 1692e, 1692e(2)(A) or 1692f of the FDCPA by filing the Claim. The case law in Florida is clear that courts honor contractual choice of law provisions, including statute of limitations provisions, so long as the foreign law sought to be applied does not violate some fundamental principal of Florida law.

Second, this Court has explicitly held that creditor who acquires a debt post-petition is specifically *prohibited* from sending any notices directly to a debtor, which includes a notice of

assignment or a debt validation letter.[2] Thus, Defendants did not violate sections 1692d, 1692e, 1692e(2)(A) or 1692f of the FDCPA by not giving Seak notice of the assignment prior to filing a proof of claim. Similarly, the Defendants did not violate sections 1692d, 1692e, 1692e(2)(A) or 1692f of the FDCPA by not providing Debtor with a debt validation after filing a proof of claim in bankruptcy.

Having to defend against Seak's frivolous claims has forced Defendants to incur substantial attorneys' fees and costs. As a sanction for Seak's and his attorney's violation of Rule 9011, Defendants should be awarded, among other things, their attorneys' fees and costs in defendant against the frivolous claims and in bringing this Motion.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

On March 21, 2004, Debtor filed an application for a Home Depot consumer credit card. The account was opened the next day, on March 22, 2004, with Citibank as the issuer (the "Account"). *See Declaration of Courtney Dodd in Support of Defendants' Motion for Summary Judgment* Adv. Docket No. [28-1] (the "Dodd Decl."), Ex. B.

The Cardholder Agreement in effect at the time of the last payment states that South Dakota law applies:

> **Applicable Law.** The terms and enforcement of this Agreement shall be governed by federal law and the law of South Dakota, where we are located.

*Id.* at ¶ 14 and Ex. C thereto.

Under the law of South Dakota, the statute of limitations applicable to credit card contracts like the one in question in this case is six years from the date on which the cause of action accrued. *See* S.D. Codified Laws § 15-2-13. Here, the last transaction occurred on July

---

[2] *See* Order on Defendant' Motion for Reconsideration of Order on Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, *Hanson v. Antio, LLC and Weinstein & Riley, P.S.*, Case No. 14-ap-300-PMG, Docket No. 21 (the "Hanson Reconsideration Order").

28, 2008, when Debtor made his last payment on the Account. *See Id.* and Ex. D thereto.

On September 9, 2013, Debtor and his wife Sokratana Kem Seak filed a voluntary Chapter 13 petition. In their Schedule F, Debtors listed a $5,091.23 credit card debt with Citibank, N.A. Docket No. 5, p. 11.

On October 30, 2013, more than a month after the Seaks filed their bankruptcy petition, Citibank sold the Account to Ophrys, LLC, which immediately assigned the account to Antio. *See* Dodd Decl. ¶ 8.

On November 18, 2013, less than six years after the last payment was made on the Account, Antio, as the assignee of the Account, filed a proof of claim (the "Claim") for the debt owed on the Account (the "Debt"). *See* Claims Register #7. Attached to the Claim was an Account summary that was in material compliance with Bankruptcy Rule 3001.[3] In addition to Debtor's name, address, last four digits of his social security number, the case number and chapter, and last four digits of the account number, it provided the following information about the Account and the Debt:

| | |
|---|---|
| Balance at time of filing: | $5091.23 |
| Principal balance: | $3979.56 |
| Interest: | $799.67 |
| Fees, expenses or other charges: | $312.00 |
| Last Payment Date: | July 28, 2008 |
| Last Payment Amount: | $10.00 |
| Last purchase Date: | July 28, 2008 |
| Issuer: | Citibank |
| Creditor name: | Antio LLC |
| Open date: | 3/22/2004 |
| Charge off date: | 2/27/2009 |

---

[3] The only information required by Rule 3001 that was not included was the identity of Ophrys as the entity to whom Citibank sold the account and from whom Antio acquired the account. At the time the Claim was filed, it was not Antio's practice to include a reference to Ophrys because the assignment from Ophrys was simultaneous with the assignment from the original creditor. Antio has now changed its practice in all cases to include this information. *See* Dodd Decl. ¶ 9.

4

Debtor's listing of the debt and the Claim both reflect Citibank as the credit card issuer, and show matching amounts and a matching account numbers. No other creditor has filed a claim seeking payment from Debtor on this Account. *See* Claims Register.

On August 27, 2014, Debtor filed his original Complaint for Damages objecting to the Claim and seeking damages for alleged violations of the FDCPA and the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55 *et seq.* (the "FCCPA"). *See* Adv. Docket No. 1. On September 23, 2014, Antio withdrew its Claim. *See* Docket No. 47.

On November 11, 2014, Debtor filed the Amended Complaint, again objecting to (and seeking equitable subordination of) the Claim, but seeking damages only for violations of the FDCPA. On January 22, 2015, the Court dismissed Counts I and IV, leaving the claims in Counts II and III,[4] in which Seak alleges that Defendants:

- violated section 1692d of the FDCPA by attempting to collect time-barred debt and failed to provide written notice that Antio had been assigned the debt, which they could reasonably expect would harass Debtor,
- violated section 1692e by using allegedly misleading means in the collection of the debt (because the debt was allegedly time barred and because Defendants failed to provide notice of the assignment),
- violated section 1692e(2)(A) by falsely representing that they had the right to collect the debt despite being legally barred from doing so (because the debt was allegedly time barred and because Defendants failed to provide notice of the assignment),
- violated section 1692f by attempting to collect a time-barred debt and failing to provide written notice of assignment of the debt, and that by doing so used unfair and unconscionable means to attempt to collect the debt, and
- violated section 1692g by not providing Debtor with the right to verify and dispute the debt.

On March 18, 2015, this Court issued an Order dismissing a debtor's FDCPA complaint that was premised on a creditor's alleged failure to provide notice of assignment to the debtor. Specifically, in *Hanson v. Antio, LLC and Weinstein & Riley, P.S.*, Case No. 14-ap-300-PMG,

---

[4] Counts II and III are identical except that Count II refers to Antio and Count III refers to W&R.

the Court held that a creditor who acquires a debt post-petition is specifically *prohibited* from sending any notices directly to a debtor. *See* the Hanson Reconsideration Order. Accordingly, the Court held that the complaint did not state a cause of action under the FDCPA because 1) the defendants acquired the alleged debt after the bankruptcy case was filed, 2) the only collection activity alleged in the complaint was the filing of a proof of claim in the debtor's bankruptcy proceeding, and 3) the complaint did not contain sufficient factual allegations to show that the proof of claim was deceptive or abusive. This holding is in accord with a slew of opinions from the across previously addressing the precise issue determined in *Hanson*.

In light of the above information that was certainly available to Seak and his counsel prior to filing the original Complaint (and also since filing the Amended Complaint), had Seak and his counsel undertaken even the most basic pre-filing inquiry, including reading the relevant provisions of the FCCPA, the FDCPA, the Bankruptcy Code, and the relevant cases relating thereto, they would have both been fully apprised that Seak's claims in the Amended Complaint are frivolous as a matter of law. Accordingly, this Court should sanction both Seak and his counsel pursuant to Rule 9011 and dismiss the Amended Complaint with prejudice.

## ARGUMENT

### I. Legal Standard

Bankruptcy Rule 9011 states, in relevant part:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances,—
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; [and]

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery

Fed. R. Bankr. P. 9011(b).

Bankruptcy courts have authority under Bankruptcy Rule 9011(c) to impose sanctions for filing pleadings found to violate subsection (b). *See id.* at 9011(c); *In re Evergreen Sec., Ltd.*, 570 F.3d 1257, 1263 (11th Cir. 2009) ("Federal courts, including bankruptcy courts, possess inherent authority to impose sanctions against attorneys and their clients"). The purpose of Rule 9011 sanctions is "to deter unnecessary filings, prevent the assertion of frivolous pleadings, and require good faith filings." *In re Floyd*, 322 B.R. 205, 215 (Bankr. M. D. Fla. 2005). Moreover, sanctions may be imposed pursuant to Rule 9011 for both filing pleadings and later advocating positions taken that are without evidentiary support. *In re Evergreen Sec., Ltd.*, 384 B.R. 882, 931 (Bankr. M.D. Fla.) *aff'd*, 391 B.R. 184 (M.D. Fla. 2008) *aff'd*, 570 F.3d 1257 (11th Cir. 2009).

As the Court in *In re Evergreen* explained, "Rule 9011's requirement the facts alleged have evidentiary support requires, at a minimum, that there is reason to believe that, when all the facts are known, the Court will find that they support the relief requested.'" (internal citation omitted). *Id.* at 931; *see also McGregor v. Bd. of Comm'rs of Palm Beach Cnty.*, 956 F.2d 1017, 1022 (11th Cir. 1992) (If an allegation in a complaint has no basis in law or fact, and contains no colorable claim for relief, then a Rule 11 sanction is proper).[5]

---

[5] Because the language of Bankruptcy Rule 9011 substantially mirrors the language of Rule 11, courts apply the case law interpreting Rule 11 to claims brought under Bankruptcy Rule 9011. *In re Grand Hotel Ltd. P'ship*, 121 B.R. 657, 659 (S.D. Fla. 1990).

## II. The Complaint Lacks a Factual and Legal Basis and it Therefore Violates Rule 9011

The Amended Complaint is premised on three key allegations; that: 1) the Claim was time barred; 2) Defendants were required to provide a written notice that Antio had been assigned the debt; and 3) Defendants were required to provide Antio with an opportunity to request validation of the Debt.

These claims have no factual or legal basis under Rule 9011 because 1) the South Dakota six year statute of limitations applies to this claim for breach of contract and thus the Debt is unequivocally not time barred, 2) the automatic stay barred Defendants from providing notice of assignment of the claim or notice of the FDCPA debt validation process, and 3) Defendants were not otherwise required to provide debt validation notice after filing the Claim.

### A. The Proof of Claim Was Filed Within the Applicable Statute of Limitations and Therefore Defendants Did Not Violate Any Provision of the FDCPA.

The South Dakota six year statute of limitations applies to the Debt underlying the Claim, because the Debt was based on an open-ended credit card account. *See* S.D. Codified Laws § 15-2-13. Because the Claim was filed within the applicable six year period, Defendants did not violate sections 1692d, 1692e, 1692e(2)(A) or 1692f of the FDCPA by filing a time-barred debt, all counts pertaining to the statute of limitations allegations fail as a matter of law.

Florida courts honor contractual choice of law provisions, so long as the foreign law sought to be applied does not violate some fundamental principal of Florida law. In *Merkle v. Robinson*, the Florida Supreme Court held that the test for conflict of laws issues concerning statute of limitations was the "significant relationship" test:

> We see no reason to refrain from employing the 'significant relationship' test to conflict of law issues concerning limitation periods generally, thereby treating conflicts of law pertaining to section 95.11 consistently with conflicts concerning substantive law and with conflicting limitations periods affected by the borrowing statute. We therefore agree with the opinion below and likewise 'read the

8

language in *Bates* to be applicable to any conflict of law question concerning a statute of limitation, including section 95.11, Florida Statutes (1993).

737 So. 2d 540, 543 (Fla. 1999).

Moreover, the court explicitly held that Florida courts should apply a longer foreign statute of limitations even if a shorter Florida statute would bar the action, if the foreign forum had a more significant relationship with the cause of action:

> The justification given for applying the limitations period of the forum rather than the jurisdiction where the cause arose is that statutes of limitation are procedural in nature and not substantive; thus, the forum's limits should apply even though the substantive law giving rise to the action may be from a foreign jurisdiction. *See Bates,* 509 So.2d at 1114. The distinction between 'procedural' versus 'substantive,' however, has been 'universally assailed' because a 'right which can be enforced no longer by an action at law is shorn of its most valuable attribute.' *Id.* (quoting Comment, *The Statute of Limitations and the Conflict of Laws,* 28 Yale L.J. 492, 496 (1919)). Thus, the rejection of that distinction results in treating statute of limitation choice of law questions the same as 'substantive' choice of law questions which, as stated above, Florida decides pursuant to the 'significant relationship' test. *See Bishop,* 389 So.2d at 1001.

*Id.* at 542-43.

When the parties include a choice of law provision in a contract, Florida courts respect their choice as demonstrating the substantial relationship of the chosen state with any resulting controversy. In *Gaisser v. Portfolio Recovery Associates, LLC,* 571 F. Supp. 2d 1273, 1276 (M.D. Fla. 2009), this Court held:

> In Florida, a choice of law provision of a contract is presumptively valid unless the party seeking to avoid it shows that application of the chosen law 'contravenes [a] strong public policy' of Florida. *Mazzoni Farms, Inc., v. E. I. DuPont De Nemours and Co.,* 761 So. 2d 306, 311 (Fla. 2000).

"Florida courts consider the statute of limitations to be substantive, and therefore the statute of limitations of the parties' chosen forum will apply where there exists a contractual

9

choice of laws provision." *Id; see also McCorriston v. L.W.T., Inc.*, 536. 2d 1268, 1275 (M.D. Fla. 2008) (*same*).

Because the cause of action with respect to the Debt arose on July 28, 2008, when Seak made his last transaction on the account, the earliest deadline to file an action to enforce the Debt would have been July 28, 2014. *See* S.D. Codified Laws § 15-2-4 ("In an action brought to recover a balance due upon a mutual, open, and current account where there have been reciprocal demands between the parties, the cause of action shall be deemed to have accrued from the time of the last item proved in the account on either side."). Defendants filed the Claim on November 18, 2013, more than 8 months before the applicable six year statute of limitations period would have expired.

Had Debtor undertaken any reasonable investigation into the legal sufficiency of his FDCPA claim on this basis, he would have discovered that the Claim was not out of statute and otherwise complied with Rule 3001 of the Bankruptcy Rules.

### B. The Automatic Stay Barred Defendants from Providing Notice of Assignment of the Claim as Well as a Debt Validation Notice

Seak's contention that Defendants' failure to provide written notice that the Debt had been assigned before taking action to collect it in violation of section 1692d of the FDCPA is expressly contradicted by a recent decision of this Court. As discussed, this Court recently dismissed a similar complaint alleging violations of the FDCPA based on an alleged failure to provide a notice of assignment. The Court held that because the automatic stay was already in effect when the creditor acquired the debt at issue, the defendants were enjoined from sending any notices under the FDCPA directly to the debtor. *See* Hanson Reconsideration Order at p. 5.

This decision echoes the decisions of other courts who have held that such a notice would violate the automatic stay. *See, e.g., Simon v. FIA Card Servs., N.A.* 732 F.3d 259, 273 (3d Cir.

2013) ("If a debt collector had to send the notice of rights to a debtor in a pending bankruptcy case to avoid an FDCPA claim, that communication could violate the automatic stay. To omit the notice in order to avoid violating the stay could violate the FDCPA."); *Buckley v. Bass & Assocs., P.C.*, No. 99 C 4044, 2000 WL 1006568, at *5 (N.D. Ill. July 19, 2000) *aff'd sub nom. Buckley v. Bass & Assocs.*, 249 F.3d 678 (7th Cir. 2001) (holding that the automatic stay of the Bankruptcy Code prohibits a collector from sending the notice required by § 1692g of the FDCPA); *Maloy v. Phillips*, 197 B.R. 721, 723 (M.D. Ga. 1996) ("Defendant's situation was a catch–22. One statute [section 1692g] told him to go left, and the other [section 362] right. Erring on the side of caution, defendant chose to terminate all communications with debtor. In the court's best judgment, defendant made the right choice by honoring the automatic stay.").

Moreover, in the Hanson Reconsideration Order, the Middle District Bankruptcy Court held that the complaint did not state a cause of action under the FDCPA because 1) the defendants acquired the alleged debt after the bankruptcy case was filed; 2) the only collection activity alleged in the complaint was the filing of a proof of claim in the debtor's bankruptcy proceeding, and 3) the complaint did not contain sufficient factual allegations to show that the proof of claim was deceptive or abusive.

The Hanson Reconsideration Order is directly on point. First, Antio acquired the Debt after the petition date. Second, like Hanson, the only collection activity Seak alleges is the filing of the Claim. Third, as in *Hanson*, there are no facts in this record, nor can any be adduced, that would support the allegation that Seak had a subjective experience of being harassed as a result of not receiving advance notice that Citibank had assigned the Account. The mere fact that Defendants did not provide notice of assignment before filing the Claim does not have a natural

consequence of harassing or abusing a person in connection with the collection of a debt, and the least sophisticated consumer could not, objectively, have felt harassed under these facts.[6]

### C. *Defendants Were Not Otherwise Required to Provide a Debt Validation Notice*

Seak alleges that Defendants violated the FDCPA by failing to provide initial disclosures and notices in connection with the Claim as required by section 1692e(11) of the FDCPA. This allegation is completely unsupported in the law.

Section 1692e(11) requires a debt collector to make certain disclosures in its initial communications with a consumer:

> The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, *except that this paragraph shall not apply to a formal pleading made in connection with a legal action.*

15 U.S.C. § 1692e(11) (emphasis supplied). Section 1692g(a) requires debt collectors to provide information about the debt — the amount, the name of the creditor, and certain notices regarding assumptions of validity of the debt if the consumer does not dispute it and the debtor's right to obtain verification of the debt — to the consumer either with the initial communication or within five days thereafter.

However, the text of the FDCPA explicitly states that legal pleadings like proofs of claim are not initial communications. The act of filing a proof of claim in a bankruptcy case is exactly analogous to "a formal pleading made in connection with a legal action, and thus a creditor is not

---

[6] *See Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1179 (11th Cir. 1985) (holding that even potentially deceptive conduct does not constitute harassment under 1692d where conduct did not create a "tone of intimidation"); *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 330 (6th Cir. 2006) ("the filing of a lawsuit is not the kind of conduct that was intended to be covered by section 1692d"); *Kerr v. Dubowsky*, 71 F. App'x 656, 657 (9th Cir. 2003) (*same*); *Sierra v. Rubin & Debske, P.A.*, No. 10–21866–Civ, 2010 WL 4384216 (S.D. Fla. Oct. 28, 2010) (*same*); *Waite v. Financial Recovery Servs., Inc.*, No. 8:09–cv–02336–T–33AEP, 2010 WL 5209350, at *3 (M.D. Fla. Dec. 16, 2010) (*same*).

required to comply with sections 1692e(11) or 1692g(a) when it files a proof of claim in a bankruptcy case. Indeed, if filing a claim constitutes an act to collect a debt, as the Eleventh Circuit held in *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254 (11th Cir. 2014), by definition it must be "a formal pleading made in connection with a legal action." *See Brimmage v. Quantum3Group LLC and Elite Recovery*, 2015 WL 150244 at * 6 (Bankr. N.D. Ill. 2015) ("when the Defendants filed the proof of claim, it was a legal pleading filed either in a civil action or beginning one. **The filing of a proof of claim is specifically exempt by § 1692g(d) of the FDCPA from the validation letter requirement, and the Defendants need not worry about violating the FDCPA in this regard.**") (emphasis supplied); *Baldwin v. McCalla Raymer, Padrick, Cobb, Nichols & Clark, L.L.C.*, 1999 WL 284788 at *6 (N.D. Ill. Apr. 26, 1999) (there is no FDCPA violation where a debt collector chose not to fulfill the FDCPA's notice requirement on the grounds that sending the FDCPA notice would conflict with the automatic stay found in the Bankruptcy Code.); *Divane v. A and C Elec. Co., Inc.*, 193 B.R. 856, 859 (N.D. Ill. 1996); *Hubbard v. National Bond and Collection Assoc., Inc.*, 126 B.R. 422, 428–29 (D. Del. 1991); *In re Chaussee*, 399 B.R. 225, 239 (9th Cir. BAP. 2008) ("We are therefore puzzled as to how creditors can comply with both statutory schemes when the Code dictates they cease all collection actions, whereas FDCPA requires them to communicate with the debtor in connection with the collection of a debt."); *Simon v. FIA Card Servs., N.A.*, 732 F.3d 259, 280 (3d Cir. 2013) (if a section 1692e(11) claim can arise from the fact that letters sent to a debtor's attorney post-petition did not include the FDCPA Notices and Disclosures, the debt collector "would violate the automatic stay provision of the Bankruptcy Code by including the notice or violate the FDCPA by not including the notice. This conflict precludes allowing a claim under § 1692e(11) for failing to include the "mini Miranda" notice in the letters and Rule 2004

13

examination subpoenas sent to the Simons through their bankruptcy counsel."); *Buckley v. Bass & Assocs., P.C.*, No. 99 C 4044, 2000 WL 1006568, at *5 (N.D. Ill. July 19, 2000) *aff'd sub nom. Buckley v. Bass & Associates*, 249 F.3d 678 (7th Cir. 2001) (holding that the automatic stay of the Bankruptcy Code prohibits a collector from sending the notice required by § 1692g of the FDCPA); *Maloy v. Phillips,* 197 B.R. 721 (M.D. Ga. 1996) (same).

Moreover, as the *Chaussee* court correctly acknowledged, putting the section 1692g disclosures on a proof of claim could easily confuse the least sophisticated consumer:

> Creditors likely would fare no better by placing the FDCPA required notice on a proof of claim form. Such a notice would undoubtedly cause confusion. If the notice is placed on the proof of claim, must the debtor, who may or may not be represented by counsel, comply with the requirements of FDCPA to dispute the debt: or is it sufficient that the debtor follow the § 502/Rule 3007 procedure for objecting to a claim?

399 B.R. at 240. Such a situation would create potential liability under section 1692e of the FDCPA. Clearly, Congress did not intend (and could not have intended) such a result.

Lastly, imposing the FDCPA disclosure requirements on bankruptcy proofs of claim is absolutely unnecessary because the Bankruptcy Rules already require a creditor to provide to the debtor far more substantive information about the debt than the FDCPA requires. All section 1692g(a) requires the debt collector to provide with the initial communication is the amount of the debt and the identity of the original creditor. Rule 3001 of the Bankruptcy Rules already requires this information; but it also it requires an itemized statement of any interest, fees, expenses or charges sought in addition to the principal, the account number, the date of the last transaction on the account, the date of the last payment, the date on which the account was charged to profit and loss, the name of the entity to whom the debt was owed at the time of the account holder's last transaction, and the name of the entity from whom the creditor purchased the account.

While a debtor can request that additional information under the FDCPA debt validation procedures, the creditor must automatically provide the information with the proof of claim under the Bankruptcy Rules. Thus, the consumer debtor does not need the overlay of the FDCPA on the bankruptcy proof of claim – his right to information is already generously protected and ensured.[7]

### III. An Award of Monetary and Nonmonetary Sanctions Against Seak and His Counsel are Warranted in this Action.

As the foregoing analysis makes clear, Rule 9011 has been violated in this action by both Seak and his counsel, who continue to pursue this frivolous litigation. The Eleventh Circuit's emphasis of the importance of imposing sanctions on attorneys and litigants in the Rule 11 context:

> Whether sanctions are viewed as a form of cost-shifting, compensating opposing parties injured by the vexatious or frivolous litigation forbidden by Rule 11, or as a form of punishment imposed on those attorneys who violate the rule, the imposition of sanctions pursuant to Rule 11 is meant to deter attorneys from violating the rule.... The word sanctions... stresses a deterrent orientation in dealing with improper pleadings, motions, or other papers.

*Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir. 1987) (*citing* Advisory Committee Notes to Rule 11). Rule 11 sanctions are designed to "discourage dilatory or abusive tactics and help to streamline the litigation process" by discouraging frivolous claims. *Id.* at 1556.

Sanctions may be imposed pursuant to Rule 11 for both filing pleadings and later advocating positions taken that are without evidentiary support. *Turner v. Sungard Bus. Sys., Inc.*, 91 F.3d 1418, 1421 (11th Cir. 1996); *see also Baker v. Alderman*, 150 F.R.D. 202, 206 (M.D. Fla. 1993), *rev'd on other grounds*, 158 F.3d 516 (11th Cir. 1998) (stating "counsel has a 'continuing duty to reevaluate their position as the case develops'") (*quoting Lee v. Criterion Ins.*

---

[7] Moreover, Rule 3001(c)(3)(B) provides that a debtor may also request copies of all writings that support the claim – again, not a right specifically delineated in the FDCPA.

15

*Co.*, 659 F. Supp. 813, 821 (S.D. Ga. 1987)). Rule 11 sanctions should be imposed when counsel fails to dismiss a complaint once counsel learns that it has no plausible legal chance of success. District courts have imposed Rule 11 sanctions and awarded attorney's fees in cases where "plaintiff's claim[s] [were] 'frivolous, unreasonable, or groundless, or that plaintiff continued to litigate after it clearly became so.'" *Seawright v. Charter Furniture Rental, Inc.*, 39 F. Supp. 2d 795, 802 (N.D. Tex. 1999) (emphasis added) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421-22 (1978)).

Furthermore, Courts may impose sanctions under its inherent sanctioning power under Section 105(a) of the Bankruptcy Code upon a finding of bad faith. 11 U.S.C.A. § 105. As the Eleventh Circuit has recognized, "continually advancing groundless and patently frivolous litigation" is "tantamount to bad faith." *In re Evergreen Sec., Ltd.*, 570 F.3d 1257, 1274 (11th Cir. 2009). "If particularly egregious, the pursuit of a claim without reasonable inquiry into the underlying facts can be the basis for a finding of bad faith." *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998).

Here, Debtor insists on pursuing this frivolous litigation despite evidence and case law that explicitly contradicts the claims in the Amended Complaint. Monetary and nonmonetary sanctions should therefore be imposed by the Court.

## CONCLUSION

Despite the indisputable fact that the Debt underlying the Claim was not time-barred and the plethora of pre-filing case law demonstrating the lack of a viable claim for failing to provide a notice of assignment as well as failure to provide FDCPA debt validation notices (not to mention the post-filing decision in *Hanson* and its applicability to this case), Debtor continues to pursue his frivolous Amended Complaint. Moreover, he cannot plead a reasonable argument to

extend, modify, or reverse the law as it stands. Consequently, sanctions should be imposed, including a reimbursement of Defendants costs and fees for defending this litigation and making this motion.

WHEREFORE, Defendants respectfully request that the Court enter an order: granting their motion for sanctions; awarding them their fees and costs for defending this litigation and making the instant motion; dismissing the Amended Complaint with prejudice; and granting such other or further relief as necessary.

Dated: March 30, 2015

**GrayRobinson, P.A.**
*Counsel for Defendants*
401 East Las Olas Boulevard, 10th Floor
Fort Lauderdale, Florida 33301
Telephone: (954) 761-8111
Facsimile: (954) 761-8112

By: /s/ *Paul H. Minoff*
Paul H. Minoff
Florida Bar No. 0182079
paul.minoff@gray-robinson.com
Michael D. Lessne
Florida Bar No. 73881
michael.lessne@gray-robinson.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2015, I served (but did not file) the foregoing via email and regular us mail to:

Ryan G. Moore, Esq.
Wendell Finner, P.A.
340 3rd Avenue S., Suite A
Jacksonville Beach, FL 32250
E-mail: flabarmail@wendellfinner.com
E-mail: ryan@beacheslaw.com
*Counsel for Debtor*

/s/ *Paul H. Minoff*
Paul H. Minoff